UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE DISCLOSURE OF DATA RELATING TO A SPECIFIED CELLULAR TELEPHONE | 09 - M - 46 2 |

## APPLICATION

The United States of America, by and through its attorneys, Michelle L. Jacobs, the Acting United States Attorney for the Eastern District of Wisconsin, and Erica N. O'Neil, Assistant United States Attorney for said district, hereby makes application for an order pursuant to Federal Rule of Criminal Procedure 41, and Title 18, United States Code, Sections 2703, 3103a(b), and 3117, authorizing the disclosure of the approximate position of a cellular telephone. In support of this request, the applicant states the following:

1. This application is based on affidavit of Special Agent Michael D. of the Federal Bureau of Investigation, which affidavit is attached hereto and incorporated by reference. As described in that affidavit, there is probable cause to believe that Dobek may be conspiring to commit violations of Title 22, United States Code, Sections 2778.

2. The cellular telephone is issued by AT&T (hereinafter "service provider") and bears mobile identification number 414-477-6496 and is believed to be in the possession of Dobek (hereinafter "subject telephone").

3. As described in the attached affidavit, there is probable cause to believe that the subject telephone has been and will continue to be used to further the above-described violations.

4. It is believed that the service provider which services the subject telephone, has

the technical means promptly to generate and record location data with respect to a specified wireless telephone by measuring its position relative to other known reference points. It is further believed that this information will enable federal agents to monitor the approximate location of the telephone and to track its movements, thereby aiding them in locating the subject and determining his activities.

5. Based upon prior contact with the service provider to the subject telephone, the applicant verifies that the description and format of the records and other information sought are acceptable to the provider, that the types of records and other information are readily available to the provider, and that the records and other information sought will not include the contents of any communications.

6. For these reasons and those further specified in the supporting affidavit, the United States requests that this Court issue an order authorizing the service provider to employ and disclose the results (through any means reasonably available) of any and all available location-based services, including but not limited to real-time cell-site data, precision location, and those "Enhanced-911" services developed to comply with the provisions of 47 C.F.R. § 20.18. It is further requested that this Court order, consistent with the provisions of 18 U.S.C. § 2703(e), that no cause of action shall lie against the provider for complying with the order.

7. The government further requests an order authorizing the government to use a hand-held pen register device or process to identify the precise location of the subject telephone.

8. It is further requested that the electronic surveillance of the subject telephone's location-based services be authorized for a period of forty-five (45) days measured from the day on which investigative or law enforcement officers first begin to conduct surveillance under this

order or ten (10) days after this order is entered, whichever occurs first. In the event that the Court grants this application, there will be periodic monitoring of the cellular telephone during both daytime and nighttime hours during the authorized period of monitoring.

9. It is further requested that in the event that the subject telephone is now located or travels outside the territorial jurisdiction of the court, the order authorize the continued monitoring of the electronic tracking device in any jurisdiction within the United States, pursuant to Fed. R. Crim. P. 41(b)(4), 18 U.S.C. §§ 2703 and 3117.

10. It is further requested that pursuant to Fed. R. Crim. P. 41(f)(3), 18 U.S.C. §§ 3103a and 2705(a)(2), this Court permit delayed notification of this order for a period of 90 days, which may be extended for good cause, because there is reason to believe that notification of the existence of the requested court order will result in assisting Dobek and/or his associates, in flight to avoid prosecution; destruction of or tampering with evidence; or otherwise seriously jeopardizing an investigation or unduly delaying a trial.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2009.

MICHELLE L. JACOBS
Acting United States Attorney

By: /s/ Erica N. O'Neil
ERICA N. O'NEIL
Assistant United States Attorney

3