UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE DISCLOSURE OF DATA RELATING TO A SPECIFIED CELLULAR TELEPHONE | 09 - M - 462 |
|---|---|

## AFFIDAVIT

I, Michael D. Brusacoram, having been duly sworn on oath, state as follows:

1. I am a Special Agent assigned to the Milwaukee Field Office of the Federal Bureau of Investigation. I have been a Special Agent with FBI since March 2008. I have attended several export and specialty training seminars addressing United States export controls involving national security and other issues. I have participated in numerous investigations of violations of United States export laws. As a result of my training and experience, I am familiar with federal laws relating to the unlawful exportation of goods and technology.

2. This affidavit is made in support of an application for location information relating to a cellular telephone currently believed to be in the possession of Ronald Alexander Dobek.

3. I am thoroughly familiar with the information contained in this affidavit based upon my personal observations and my investigation of this matter as well as my discussions with other law enforcement agents and witnesses and my review of documents. Since this affidavit is submitted for the limited purpose of obtaining a cellular telephone information, seizure warrant, I have not included each and every detail that I have learned during this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the order sought herein.

4. The Federal Bureau of Investigation, the U.S. Bureau of Immigration and Customs Enforcement (ICE), and the US. Department of Defense, Office of Inspector General, Defense Criminal Investigative Service (DCIS) are currently investigating Ronald Alexander Dobek and his business, XM Axion Certa. Investigation to date has included the use of subpoenas to banks, electronic component suppliers, shipping companies, the use of court-ordered pen register and trap and trace devices, use of 2703(d) orders, physical surveillance, and witness interviews.

5. The investigation has revealed that Dobek may be using his businesses to illegally transfer sensitive, national-security controlled items to Venezuela and may be wiring money into and out of the United States in furtherance of this crime.

6. Based on my training and experience, I am aware that the Venezuelan Air Force (VAF) has used F-16 aircraft for its military for many years, which they obtained, in part, from the United States when the two countries were allies. In order to export F-16 parts or services from the United States to Venezuela or any other country, any exporter was required to obtain authorization and licensing from the Department of State.

7. However, in August 2006, the Department of State gave notice that the United States was revoking authorization of the export of defense articles and defense services to Venezuela. That revocation covered all F-16 military aircraft component parts and related defense articles. See 22 C.F.R. §§ 121.1, 126.1(a); 71 Fed. Reg. 47554. As such, beginning by at least August 2006, no F-16 parts, technology, or components could be exported to Venezuela as the U.S. Department of State was no longer issuing export licenses for defense articles intended for Venezuela.

2

8. Exporting any F-16 military aircraft component parts or related defense articles without the required license is a violation of Title 22, United States Code, Sections 2778(b)(2)(A) and (c), and is punishable by ten years' imprisonment or a $1,000,000 fine.

9. Ronald Alexander Dobek is currently employed as electrical engineer for DERCO, a Wisconsin-based aircraft parts supply company. Prior to Summer 2006, DERCO legally had maintained contracts with the Venezuelan Air Force (VAF).

10. After the ban on military exports to Venezuela, a confidential source in California notified the FBI that GDCA[1] and DERCO might be working together to sell or transfer an F-16 flight simulator circuit board[2] to Venezuela, in violation of the Department of State's ban on the export of military components to Venezuela. The source stated that he/she believed that DERCO may be representing the Venezuelan Air Force in an attempt to service F-16 flight simulators, and that DERCO may have contracted with GDCA to reverse engineer 45 circuit boards for the F-16 simulator.

11. The source indicated that A.N., the Director of Engineered Legacy Solutions at GDCA, was working with "Alex Dobek" from DERCO, on the F-16 project. The source, who had been employed at GDCA, had reviewed schematics for the project. Those schematics indicated that

---

[1] GDCA, a California-based company, acquires licenses for, and reverse engineers, obsolete or low-demand circuit boards for outdated computers. GDCA does not manufacture the parts; it either acquires the parts from the original manufacturer, or obtains the parts independently and then reverse engineers them.

[2] According to the Office of Defense Trade Control, the circuit cards or boards at issue for the F-16 flight simulator are licensable under U.S. Munitions List Article Category IX - Military Training Equipment and Training, subsection (I) - Technical data and defense services directly related to defense articles enumerated in paragraphs (a) and (b) of § 121.1 Category IX.

3

the circuit boards were probably destined for the VAF. The source stated that s/he had discussed the Venezuelan connection with A.N. and others at GDCA, but they all rebuffed the source's concerns about shipping these circuit boards to Venezuela. It was apparent to the source that several at GDCA, including A.N., knew that the circuit boards were destined for Venezuela in violation of law.

12. Through law enforcement garbage searches done on GDCA and A.N., law enforcement learned that the F-16 flight simulator project is worth approximately $800,000. In December 2007, they recovered an e-mail which reflected that Dobek had been in South America in summer 2007 to obtain copies of the schematics for the F-16 flight simulator, which he intended to pass on to GDCA and that Dobek had informed A.N., that he maintained the software and source code for the flight simulator.

13. According to Fed-Ex records, on July 3, 2008, a package was delivered to Dobek's home address, 703 2nd Street, Milwaukee, Loft H, from Tracy, California, which is the city in which A.N. resides. According to Treasury Enforcement Communication System travel records,[3] on July 4, 2008, Dobek traveled from Milwaukee, Wisconsin to Venezuela on a flight which left Chicago and stopped in Mexico City, Mexico and Bogota, Colombia. Dobek then returned from Venezuela to on either July 9, 2008, or July 10, 2008.

---

[3] The U.S. Treasury and the Department of Homeland Security maintain the Treasury Enforcement Communication System or "TECS" which records each time individuals use their passport to enter or exit the United States.

4

14. In November 2008, ISO Group[4] reported to DCIS that they had re-sold a computer to Alexander Dobek in August, 2008. This computer was shipped to Dobek's residence, 703 S. 2nd Street, Loft H, Milwaukee, from New Resources Aviation in Miami, Florida, on behalf of ISO. According to ISO Group, Dobek had contacted them about obtaining a computer from New Resources and re-selling it to him. ISO agreed to this transaction and agreed to re-sell the computer to Dobek for 20% more than the price it paid New Resources Aviation.

15. New Resources Aviation shipped the computer, via UPS, to Dobek at his home address on August 14, 2008. As of November, 2008, the computer, valued at approximately $72,000, had not been paid for by Dobek.

16. According to ISO Group, this computer, called an Expanded Fire Control Computer, is export-controlled and cannot currently be exported to Venezuela. According to employees at ISO Group, prior to purchasing the computer, Dobek signed agreement that this computer would not be sold or taken out of the United States. Dobek informed ISO employees that this computer would be sent to an "up and up" company located in Houston, Texas. ISO Group indicated that it communicated with Dobek through his email account: a.dobek@xmaxioncerta.com. ISO Group also indicated that it communciated with Dobek through telephone number 414-477-6496.

17. Despite Dobek's statements that he was not exporting the computer, ISO employees reported to DCIS that they were still concerned about Dobek's intentions because, while ordering the computer, Dobek included, among the e-mail documents he sent to them, an attachment with a header that read: "Venezuelan F-16 Requirements" and a list of 53 parts. ISO Group

---

[4]ISO Groups is a Florida-based company which provides spare part logistics for the defense industry.

5

Case 2:09-mj-00462-WEC   Filed 05/06/09   Page 5 of 9   Document 1-1

employees questioned Dobek about the document, because of the export ban to Venezuela. Dobek explained that he had received the list from Venezuela and continued to use the body of the document, but could not change the header. He assured them that the computer was not going to be exported to Venezuela. Dobek stated that before sending it to Houston, the computer would go to his "engineering house" in Nevada. ISO Group re-sold him the computer and had it shipped to Dobek's residence from New Resources Aviation.

18. I have had contact with Captain Daniel Statz of the Wisconsin Air National Guard. He has informed me that this computer is currently an item which the U.S. Air Force records reflect is still located at Hill Air Force Base, in Northern Utah. It is not clear to Captain Statz how this item was sold to Dobek by New Resources Aviation, through ISO Group.

19. According to UPS records, Dobek received this computer from New Resources on August 18, 2008. On August 24, 2008, Fed-Ex records revealed that Dobek shipped a package with a similar weight to the computer just received from New Resources Aviation to Ernest Clifford, TE&J Inc., Reno, Nevada. According to TE&J's website, the company provides a wide range of engineering services in the electrical and computer engineering fields. According to the website, one of TE&J's current projects is an "F-16 Flight Computer."

20. As of April 2009, Dobek still had not paid ISO Group for the computer. As a result, an ISO employee sent an email to Dobek at a.dobek@xmaxioncerta.com, threatening that ISO Group would contact Derco if Dobek did not pay for the computer. Dobek then called the ISO employee. He promised payment shortly. A cashier's check for a portion of the purchase price of the computer was mailed to ISO Group from Dobek within days of ISO Group threatening to contact Dobek's legitimate employer.

6

Case 2:09-mj-00462-WEC   Filed 05/06/09   Page 6 of 9   Document 1-1

21. On April 30, 2009, FBI Special Agent Gerald Shinneman determined that a package weighing 37 pounds had been sent to Dobek's home via UPS. The package was sent from Tommy Joiner, TE&J, Reno, Nevada. The UPS account which paid for the shipment was GDCA in California.

22. On May 4, and 5, 2009, this Court authorized the search and subsequent seizure of this package, case number 09-M-457 and 09-M-460. On May 4, and 5, 2009, the warrants were executed. Upon opening the package, other agents and I determined that the package, does, in fact, contain an Expanded Fire Control Computer. According to U.S. Air Force personnel who inspected the computer, the only purpose this computer has is to be placed into an F-16 fighter jet, or an F-16 flight simulator. Also according to Air Force personnel, this computer has not been properly de-militarized, meaning that it was not properly rendered inoperable, as is by required the Department of Defense, before this item could be released from the custody of the Air Force. However, Air Force personnel also determined that this computer is missing a battery module, which is necessary for classified information to be stored on this computer.

23. I have also spoken to Special Agent Steven Suhr of the Bureau of Immigration and Customs Enforcement. He has informed me that neither Dobek nor XM Axion Certa is properly registered with the United States to manufacture, export, import, or transfer any defense articles such as this Expanded Fire Control Computer.

24. Based on the foregoing, other agents and I returned this computer to UPS, as it is not per se illegal for Dobek to possess this computer in the United States. The director of security at UPS indicated that Dobek has requested UPS to hold the package for him, as he would be returning to Milwaukee in a few days.

7

25. Since Saturday, May 2, 2009, Dobek's vehicle has been parked at Mitchell International Airport, Milwaukee. Based on airline information, agent have learned that Dobek has traveled to Orlando, Florida, and is scheduled to return on May 16, 2009.

26. Based on the foregoing information, I am requesting location information for Dobek's known cellular telephone in order to determine his current location. This information will permit to allow law enforcement to determine his purpose in traveling to Florida, as well as to inform law enforcement when he returns to Milwaukee. I am requesting this information to assist the investigation into whether Dobek has been engaged in a continuing conspiracy to violate Title 22, United States Code, Sections 2778(b)(2)(A), exporting any F-16 military aircraft component parts or related defense articles without the required license.

MICHAEL D. BRUSACORAM
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
this _____ day of May, 2009.

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

8

25. Since Saturday, May 2, 2009, Dobek's vehicle has been parked at Mitchell International Airport, Milwaukee. Based on airline information, agent have learned that Dobek has traveled to Orlando, Florida, and is scheduled to return on May 16, 2009.

26. Based on the foregoing information, I am requesting location information for Dobek's known cellular telephone in order to determine his current location. This information will permit to allow law enforcement to determine his purpose in traveling to Florida, as well as to inform law enforcement when he returns to Milwaukee. I am requesting this information to assist the investigation into whether Dobek has been engaged in a continuing conspiracy to violate Title 22, United States Code, Sections 2778(b)(2)(A), exporting any F-16 military aircraft component parts or related defense articles without the required licenses.

MICHAEL D. BRUSACORAM
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 6th day of May, 2009.

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

8